# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREEN MAY RALLS,<br><br>        Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>        Defendant. | CASE NO. ED CV 18-2197 AS<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

On October 16, 2018, Plaintiff filed a Complaint seeking review of the denial of her application for Disability Insurance

---

[1] Andrew M. Saul, Commissioner of Social Security, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

Benefits. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 9-11). On March 25, 2019, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 17-18). The parties filed a Joint Stipulation ("Joint Stip.") on July 24, 2019, setting forth their respective positions regarding Plaintiff's claims. (Dkt. No. 21).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE RECORD**

On March 28, 2014, Plaintiff filed an application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act") alleging a disability onset date of September 18, 2008. (AR 83, 172). The Commissioner denied Plaintiff's application initially and on reconsideration. (AR 72-97). On February 28, 2017, Plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge Laura Fernandez (the "ALJ"). (AR 38-71). The ALJ also heard testimony from Gregory S. Jones, an impartial vocational expert ("VE"). (AR 64-69; see id. 238-40).

On July 3, 2017, the ALJ denied Plaintiff's request for benefits. (AR 15-25). Applying the five-step sequential process, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity from September 18, 2008, her alleged onset date, through December 31, 2013, her date last insured. (AR 17). At step two, the ALJ found that through the date last insured, Plaintiff's irritable bowel syndrome, osteoporosis, cervical spine

2

degenerative disc disease, depressive disorder, and anxiety disorder were severe impairments.[2] (AR 17). At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations.[3] (AR 18).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[4] and concluded that through the date last insured, she had the capacity to perform medium work, as defined in 20 C.F.R. § 404.1567(c),[5] except:

> [Plaintiff] was able to sit, stand, or walk for 6 hours each in an 8-hour day; she was able to engage in frequent postural activities but was limited to occasional

---

[2] The ALJ found that through the date last insured, Plaintiff's temporomandibular joint disorder did not cause more than a minimal limitation on Plaintiff's ability to perform basic work activities and is therefore nonsevere. (AR 17-18).

[3] Specifically, the ALJ considered whether Plaintiff met the criteria of Listings 1.04 (disorders of the spine), 5.06 (inflammatory bowel disease), 5.08 (weight loss due to any digestive disorder), 12.04 (depressive, bipolar and related disorders), or 12.06 (anxiety and obsessive-compulsive disorders) and concluded that she did not. (AR 18-19).

[4] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

climbing of ladders, ropes, or scaffolds; and she was limited to performing simple and routine tasks with only occasional public contact.

(AR 19). At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work. (AR 23-24). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined at step five that through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including hand packager, laundry laborer, and industrial cleaner. (AR 24-25). Accordingly, the ALJ found that Plaintiff was not under a disability as defined in the Act from September 18, 2008, the alleged onset date, through December 31, 2013, the date last insured. (AR 25).

The Appeals Council denied Plaintiff's request for review on August 30, 2018. (AR 1-6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. 42 U.S.C § 405(g); see Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). It is relevant evidence "which a reasonable person might accept as adequate to support a conclusion." Hoopai, 499 F. 3d at 1074; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citation omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (inferences "reasonably drawn from the record" can constitute substantial evidence).

This Court "may not affirm [the Commissioner's] decision simply by isolating a specific quantum of support evidence, but must also consider evidence that detracts from [the Commissioner's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, [a] court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

**DISCUSSION**

Plaintiff raises two claims for relief: (1) whether the ALJ properly considered relevant medical evidence supportive of Plaintiff's claim of disability in assessing Plaintiff's RFC; and (2) whether the ALJ properly considered Plaintiff's subjective statements in assessing Plaintiff's RFC. (Joint Stip. at 4-9, 12-16). After consideration of the parties' arguments and the record as a whole, the Court finds that Plaintiff's claims of error warrant remand for further consideration.

**A.  ALJ's RFC Assessment Is Not Supported By Substantial Evidence**

"A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations." Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989) (citing 20 C.F.R. § 404.1545). An RFC assessment requires the ALJ to consider a claimant's impairments and any related symptoms that may "cause physical and mental limitations that affect what [he] can do in a work setting." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining a claimant's RFC, the ALJ considers all relevant evidence, including residual functional capacity assessments made by consultative examiners, State Agency physicians, and medical experts. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); see also id. §§ 404.1513(c), 416.913(c).

In her decision, the ALJ found that Plaintiff retains the RFC to perform a limited range of medium work. (AR 14). Specifically, through the date last insured, the ALJ concluded that Plaintiff was able to "lift and carry 50 pounds occasionally and 25 pounds frequently; . . . sit, stand, or walk for 6 hours each in an 8-hour day; . . . engage in frequent postural activities but was limited to occasional climbing of ladders, ropes, or scaffolds." (AR 19). Plaintiff contends that the ALJ "selectively utilized medical evidence . . . to support her determination that [Plaintiff] is capable of performing and persisting at medium work activity while simultaneously minimizing or ignoring other evidence which is . . . supportive of Plaintiff's claim of disability." (Joint Stip. at 5; see id. at 8). The Court agrees.

In determining that Plaintiff was capable of medium work, the ALJ relied exclusively on the opinions of the State agency physicians. (AR 22) (giving "great weight to the medium residual functional capacity assessments from [the] State agency medical consultants"). But the opinions of non-examining physicians, like the State agency medical consultants, may serve as substantial evidence only when their opinions "are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); cf. Neugebauer v. Barnhart, 154 F. App'x 649, 650 (9th Cir. 2005) ("the ALJ was free to rely on non-treating agency physician reports that contained specific clinical support"). The State agency medical consultants do not reference any clinical findings or other medical evidence in support of their conclusion that Plaintiff is capable of lifting

7

50 pounds occasionally and 25 pounds frequently. (See generally AR 75-76, 87-88). Indeed, the medical consultants recommended that a consultative examination was necessary "to establish [the] current severity of [Plaintiff's] impairments." (AR 74, 87). While the Agency ordered a complete psychiatric evaluation (AR 694-97), no physical consultative examination was ordered.[6]

While the ALJ vaguely mentions "consistently normal" musculoskeletal examinations and "minimal symptoms of musculoskeletal pain or limitations" (AR 22), these findings do not establish that a woman over 55 years of age is capable of lifting 50 pounds occasionally and 25 pounds frequently.[7] Indeed, at least one normative study found that most women over the age of 50 are unable to lift more than 40 pounds. Leonard A. Matheson et al., Age and Gender Normative Data for Lift Capacity 265 (2013).[8] A person, like Plaintiff, who suffers from osteoporosis and cervical spinal degenerative disc disease, which the ALJ found were severe impairments, would likely have a strength deficit. Further, throughout the relevant time period, Plaintiff had poor exercise habits (AR 253, 259, 263, 274, 428, 898) and was consistently

---

[6] While a physical consultative examination would likely have been performed a few months after Plaintiff's date last insured, it still would have provided significant, circumstantial evidence of Plaintiff's physical impairments prior to her date last insured.

[7] Plaintiff turned 55 on July 17, 2013, several months prior to her date last insured. (AR 172).

[8] A copy of the study is available at <https://content.iospress.com/download/work/wor01671?id=work%2Fwor01671> (last visited Aug. 8, 2019).

8

overweight (AR 247, 254, 259, 274, 280, 283, 286, 392, 401, 404, 406, 408, 425, 433, 893, 898). Indeed, by August 2013, Plaintiff was obese. (AR 909). This evidence, which the ALJ did not discuss, undermines her conclusion that Plaintiff was capable of a medium level of exertion. "[A]n ALJ may not pick and choose evidence unfavorable to the claimant while ignoring evidence favorable to the claimant." Cox v. Colvin, 639 F. App'x 476, 477 (9th Cir. 2016) (citing Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014)).

In sum, the ALJ's RFC assessment is not supported by substantial evidence.[9] On remand, the ALJ shall consider all relevant evidence in assessing Plaintiff's RFC and in deciding whether Plaintiff truly was capable of medium work.

**B. The ALJ Failed To Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Subjective Symptom Testimony**

Plaintiff asserts that "[t]he ALJ has simply opted to ignore Plaintiff's subjective statements . . . in order to arrive at her determination that Plaintiff is persisting at medium work activity." (Joint Stip. at 13).

---

[9] Defendant did not address Plaintiff's argument that the ALJ's physical RFC assessment was not supported by substantial evidence. (Joint Stip. at 9-12).

9

Plaintiff's testimony indicated an inability to consistently perform at a medium level of exertion. She testified that her husband takes care of most of the household chores, including cleaning, vacuuming, and shopping. (AR 49). On occasion, she is able to lift and carry one or two gallons of milk, but if she overexerts herself, she gets shoulder pain. (AR 54). Once or twice a month, she is able to help her husband bring in the groceries. (AR 55). Plaintiff suffers from severe osteoporosis, and she has trouble with protein absorption and maintaining muscle mass. (AR 47).

When assessing a claimant's credibility regarding subjective pain or intensity of symptoms, the ALJ must engage in a two-step analysis. Trevizo v. Berryhill, 874 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine if there is medical evidence of an impairment that could reasonably produce the symptoms alleged. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014). "In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Id. (emphasis in original) (citation omitted). "Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof." Id. (citation omitted).

If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony about

the symptom severity. Trevizo, 874 F.3d at 678 (citation omitted); see also Smolen, 80 F.3d at 1284 ("[T]he ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." Garrison, 759 F.3d at 1015 (citation omitted).

In discrediting the claimant's subjective symptom testimony, the ALJ may consider the following:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Ghanim, 763 F.3d at 1163 (citation omitted). Inconsistencies between a claimant's testimony and conduct, or internal contradictions in the claimant's testimony, also may be relevant.

Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). In addition, the ALJ may consider the observations of treating and examining physicians regarding, among other matters, the functional restrictions caused by the claimant's symptoms. Smolen, 80 F.3d at 1284; accord Burrell, 775 F.3d at 1137. However, it is improper for an ALJ to reject subjective testimony based "solely" on its inconsistencies with the objective medical evidence presented. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (citation omitted).

Further, the ALJ must make a credibility determination with findings that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted); see Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) ("A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.") (citation omitted). Although an ALJ's interpretation of a claimant's testimony may not be the only reasonable one, if it is supported by substantial evidence, "it is not [the court's] role to second-guess it." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In rejecting Plaintiff's testimony of exertional limitations, the ALJ acknowledged that Plaintiff has a history of osteoporosis

and degenerative changes in the cervical spine with disc space narrowing. (AR 22). Nevertheless, the ALJ emphasized that "musculoskeletal examinations were consistently normal" and Plaintiff "received minimal treatment" for her cervical spine issues. (AR 22). After careful consideration, the Court finds that the ALJ's conclusions are contrary to law and not supported by clear and convincing evidence. See Garrison, 759 F.3d at 1015 (The clear and convincing standard is "the most demanding required in Social Security cases" and "is not an easy requirement to meet.") (citation omitted).

The ALJ's decision is not "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti, 533 F.3d at 1039 (citation omitted). It is not at all clear how normal musculoskeletal examinations and minimal treatment targeting Plaintiff's cervical spine issues undermine Plaintiff's testimony that she can only occasionally lift and carry a gallon or two of milk or bag of groceries. See Brown-Hunter, 806 F.3d at 493 ("The ALJ . . . failed to identify specifically which of Brown-Hunter's statements she found not credible and why."); Knape v. Berryhill, 734 F. App'x 500, 501 (9th Cir. 2018) ("The ALJ failed to identify the parts of Knape's mental health symptom testimony he found not credible and failed to provide any links to the record."); Fritz v. Berryhill, 685 F. App'x 585, 586 (9th Cir. 2017) ("[T]he ALJ did not identify what testimony was not credible and what evidence undermined Fritz's complaints."). As discussed above, an overweight woman over the age of 55 with severe irritable bowel syndrome,

13

osteoporosis, and cervical spine degenerative disc disease can have unremarkable musculoskeletal examinations and still be unable to perform medium work. The ALJ's cursory discussion of Plaintiff's physical subjective statements "is not the sort of explanation or the kind of 'specific reasons' [this Court] must have in order to review the ALJ's decision meaningfully, so that [the Court] may ensure that the claimant's testimony was not arbitrarily discredited." Brown-Hunter, 806 F.3d at 494. Critically, the ALJ never addressed Plaintiff's testimony that she has trouble with protein absorption and maintaining muscle mass.

Further, the ALJ's reliance on objective medical evidence is insufficient to undermine Plaintiff's subjective symptom testimony. While inconsistencies with the objective medical evidence can be a factor that the ALJ may consider when evaluating a claimant's credibility, it cannot be the sole ground for rejecting a claimant's subjective testimony. Bray, 554 F.3d at 1227; Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Rollins, 261 F.3d at 857. In any event, the objective evidence cited by the ALJ does not clearly dispute Plaintiff's subjective statements regarding her exertional limitations. For example, as already noted, the ALJ does not clearly and convincingly explain how normal musculoskeletal examinations necessarily translates into the ability to perform medium work.

In sum, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms. The matter is remanded for

further proceedings. On remand, the ALJ shall reevaluate Plaintiff's symptoms in accordance with SSR 16-3p, taking into account the full range of medical evidence.

**C.      Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81; see also Garrison, 759 F.3d at 1020 (cautioning that "the credit-as-true rule may not be dispositive of the remand question in all cases"); cf. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("[T]he record raises crucial questions as to the extent of Treichler's impairment given inconsistencies between his testimony and the medical evidence in the record. These are exactly the sort of issues that should be remanded to the agency for further proceedings.").

Since the ALJ failed to properly evaluate Plaintiff's RFC, remand is warranted. However, if the ALJ properly demonstrates that Plaintiff was truly capable of lifting and carrying 50 pounds occasionally and 25 pounds frequently, the record does not affirmatively establish that Plaintiff is disabled. Remand is therefore appropriate.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2019

/S/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE